UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER T. SZYMONIK, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-CV-01761 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH BOZZUTO, | : | |
| DEFENDANT. | : | JULY 22, 2015 |

**RULING RE: RESPONSE TO ORDER TO SHOW CAUSE**

On November 24, 2014, plaintiff Peter T. Szymonik ("Szymonik") filed a Complaint (Doc. No. 1) ("Compl.") and Motion for Preliminary Injunction (Doc. No. 2) alleging that his constitutional rights to due process and equal protection had been violated and seeking injunctive relief. The court denied Szymonik's Motion for Preliminary Injunction and ordered him to show cause why his claims should not be dismissed for lack of jurisdiction under either the Rooker-Feldman doctrine or Younger abstention, and also noting that the claims against Judge Elizabeth Bozzuto appeared to be barred by the doctrine of judicial immunity. Ruling and Order to Show Cause (Doc. No. 6). Szymonik filed a Motion for Extension of Time to respond to the order to show cause, which was granted, but then failed to respond within the allotted time. The court again ordered Szymonik to show cause why the case should not be dismissed, or to submit an amended complaint. Order to Show Cause (Doc. No. 9).

On June 30, 2015, Szymonik filed a Response to the Order to Show Cause, which is also entitled in part "Complaint." Plaintiff's Response to Order to Show Cause and Replead (Doc. No. 13) ("Resp."). Because the claims against defendants Adam

1

Teller and Rhonda Morra were voluntarily dismissed, Notice of Voluntary Dismissal (Doc. No. 12), the only remaining defendant is state court Judge Elizabeth Bozzuto, against whom Szymonik seeks injunctive relief pursuant to section 1983 of title 42 of the United States Code.[1]  Compl.   For the reasons set forth below, Szymonik's claims are **DISMISSED** with leave to replead.

## I. SUA SPONTE DISMISSAL

A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) if the district court lacks the statutory or constitutional power to adjudicate the case.  See Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 264 (2010).  The plaintiff bears the burden of establishing that the court has jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A district court may dismiss a complaint for lack of subject-matter jurisdiction sua sponte.  Fed. R. Civ. P. 12(h)(3). Further, a district court has the inherent authority to "dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee."  Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir.2000).

## II. DISCUSSION

### A. Younger Abstention

Under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), federal courts must refrain from enjoining state prosecution in a parallel, pending state criminal

---

[1] Throughout Szymonik's Response, he alludes several times to "violations of state and federal law" in additional to constitutional violations.  E.g., Resp. at 16.  The only claim for relief set forth in the Complaint against Judge Bozzuto, however, is a claim for injunctive relief under section 1983 based on alleged violations of Szymonik's rights to due process and equal protection.  Even construing Szymonik's pro se Complaint liberally, the court cannot infer that he intended to bring any other claim against Judge Bozzuto.

proceeding. The court has also extended Younger to certain state civil proceedings that are akin to criminal prosecutions, see Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975), or that implicate a state's interest in enforcing the orders and judgments of its courts, see Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 13-14(1987). Circumstances that fit under Younger are "exceptional," and include "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (internal citations and quotations removed).

Szymonik seeks an injunction against detention based on Judge Bozzuto's having ordered a capias warrant in the state court proceeding in order to enforce an order of payment to the guardian ad litem.[2] This proceeding, akin to a contempt proceeding, falls under the third "exceptional" category in which Younger is applicable, in that it "touch[es] on a state court's ability to perform its judicial function."[3] See id. (citing Juidice v. Vail, 430 U.S. 327, 336 n. 12 (1977) (civil contempt order); Pennzoil, 481 U.S. at 13 (requirement for posting bond pending appeal). Thus, Younger abstention appears to be warranted.

Further, the three conditions set forth in Middlesex County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423 (1982), are all met in this case: (1) an ongoing

---

[2] In his Response, Szymonik states that this warrant was "set aside" temporarily pending the outcome of his appeal, but that he "remains under threat of incarceration." Response at 13-14.

[3] In Juidice v. Vail, 430 U.S. 327 (1977), the Court found that abstention was proper in contempt proceeding by judgment debtors, where plaintiffs had an opportunity to present their claims in state proceedings. Id. at 335-37.

3

state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges.  This further supports abstention.  See Sprint, 134 S. Ct. at 593 (the Middlesex conditions are additional factors to be considered before invoking Younger).  Szymonik's proceeding is ongoing, as he alleges that matters before the trial court have been stayed pending his appeal.  The suit also implicates an important state interest; among others, the state court's ability to enforce its orders and perform its judicial functions.  Finally, the state proceeding affords Szymonik an adequate opportunity for judicial review.  While Szymonik alleges that there is no opportunity for judicial review of his constitutional claims "as the plaintiff was in fact incarcerated," he has not shown any barrier, procedural or otherwise, to raising his constitutional claim in the state court proceeding, either before the trial court or on appeal.  See Pennzoil, 481 U.S. at 14-15 ("A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  Indeed, his state case is on appeal.  See Resp. at 16.

Thus, the court lacks subject matter jurisdiction over Szymonik's claims, and they must be dismissed.

B.   Rooker-Feldman

In his Response, Szymonik alleges that he has a pending appeal.  Resp. at 16. Thus, he has not "lost in state court," rendering the Rooker-Feldman doctrine inapposite.  Several Circuits have found that Rooker-Feldman does not apply when there is a pending appeal, see Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009) (citing concurring cases from the First, Eighth, and Tenth Circuits), although several district courts within this Circuit have rejected this view, see Wilson v. Emond,

4

No. 3:10-CV-659 VLB, 2011 WL 494777, at *7 (D. Conn. Feb. 5, 2011) (listing cases). Further, based on Szymonik's Response, his claim appears based primarily on at least in part on matters that are currently stayed or set aside in the trial court.   However, having determined that the court lacks subject matter jurisdiction under Younger, it need not address whether Rooker-Feldman is also applicable.

  C. Judicial Immunity

  Following the voluntary dismissal of the Complaint against the other defendants, Notice of Dismissal with Prejudice (Doc. No. 12), Szymonik's only remaining claim is for injunctive relief against Judge Bozzuto under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.   Under the 1996 Federal Courts Improvement Act, injunctive relief cannot be granted against a judicial actor under section 1983 unless a declaratory decree was violated or declaratory relief was unavailable, or unless the judge's conduct was clearly in excess of the judge's jurisdiction.   Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see Sargent v. Emons, 582 F. App'x 51, 53 (2d Cir. 2014) (summary order). Szymonik has not alleged that Judge Bozzuto acted in violation of any declaratory decree or in excess of her jurisdiction.   See Conn. Gen. Stat. § 46b-62 (granting jurisdiction to the Connecticut Superior Court to order payment of reasonable fees of guardian ad litem).   Further, he has not claimed that declaratory relief is unavailable. Thus, Szymonik's claim against Judge Bozzuto under section 1983 is barred by the doctrine of judicial immunity.   See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (absolute judicial immunity bars injunctive relief under section 1983 absent allegation of violation of declaratory decree or unavailability of declaratory relief).

**III.     CONCLUSION**

Because the court lacks subject matter jurisdiction under <u>Younger</u>, and because Szymonik's claims against Judge Bozzuto are barred by judicial immunity, the court dismisses Szymonik's complaint.   In light of Szymonik's <u>pro se</u> status, Szymonik has 21 days from the date of this Ruling to file an Amended Complaint, if he can, that contains allegations plausibly stating a cause of action and which are supported by bases in fact and law.   <u>See</u> Fed. R. Civ. P. 11.

Finally, the court notes that, although the original Complaint was filed on November 24, 2014, no proof of service upon the defendant has been made.   Under Rule 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time.   Fed. R. Civ. P. 4(m).   Szymonik is hereby notified that failure to serve the defendant within 14 days of filing an Amended Complaint will result in dismissal of the case.

**SO ORDERED.**

Dated this 22nd day of July, 2015, at New Haven, Connecticut.

                                                 /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge